UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEE CHARETTE,
          Plaintiff,

       v.                                                   C.A. No. 10-249 ML

COMMERCE INSURANCE COMPANY,
                Defendant.

**MEMORANDUM AND ORDER**

       This matter arises out of an automobile accident and the subsequent dispute concerning

insurance proceeds.  Plaintiff, Lee Charette ("Plaintiff"), a Rhode Island resident, filed this action

against Defendant, a Massachusetts corporation, in June 2010.  The original complaint alleged

breach of contract and a violation of Mass. Gen. Laws chapters 93A and 176D.  See Docket # 1.

In September 2012, Defendant filed a motion to dismiss; Plaintiff responded and the Court heard

oral argument on the motion.  At oral argument, Plaintiff's counsel conceded that the breach of

contract claim should be dismissed.  Plaintiff's counsel also conceded that he had not complied

with the jurisdictional notice requirement under Mass. Gen. Laws ch. 93A; he agreed that the

93A claim should be dismissed because the Court lacked jurisdiction over that claim.  Counsel,

however, argued that although it was not "precisely stated" in the complaint, Plaintiff was also

pursuing a bad faith tort claim under Rhode Island law.  December 3, 2012 Hearing Transcript at

9; Docket # 19.  The Court dismissed Count I of the complaint and Count II of the complaint, in

so far as it alleged a claim under chapters 93A and 176D.  See Docket #16.  However, because of

1

the lack of clarity concerning whether the bad faith claim was also made pursuant to Rhode Island law, the Court granted Plaintiff thirty days to file an amended complaint.

Plaintiff filed his amended complaint on December 26, 2012. See Docket # 18. In the amended complaint, Plaintiff pursues one claim, a bad faith claim pursuant to R.I. Gen. Laws § 9-1-33.[1] Defendant has filed a motion to dismiss the amended complaint and that motion is now ripe for decision.

## I.  Standard of Review

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiff, taking all well-pleaded facts as true and giving Plaintiff the benefit of all reasonable inferences. Arruda v. Sears, Roebuck & Co., 310 F.3d 13 (1st Cir. 2002). If under any theory, the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697 (1st Cir. 1994). While Plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41 (1957)). "The complaint must allege a plausible entitlement to relief in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (internal quotation marks and citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The "plausibility" requirement, however, is

---

[1] R.I. Gen. Laws § 9-1-33 provides, in part, that an "insured under any insurance policy . . . may bring an action against the insurer issuing the policy when it is alleged the insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy . . . ." R.I. Gen. Laws. § 9-1-33.

2

not akin to a "standard of likely success on the merits[,]" but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Department of Education of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010).

## II.  Facts

On December 18, 2006, Plaintiff was involved in an automobile accident in Woonsocket, Rhode Island.  Plaintiff was a passenger in an automobile owned and operated by Gerald Riendeau ("Riendeau"), a Massachusetts resident.  Plaintiff sustained injuries when a vehicle owned and operated by Jeffery Beausoleil ("Beausoleil") broadsided the Riendeau vehicle.  At the time of the accident Riendeau had auto insurance coverage with Defendant; Beausoleil had coverage with GEICO Insurance Company ("GEICO"); and Plaintiff had coverage with Quincy Mutual Fire & Insurance Company ("Qunicy").

After filing a claim against Beausoleil, Plaintiff filed a claim for underinsured motorist benefits with his insurer, Quincy, and with Defendant.  GEICO, on behalf of Beausoleil, offered the policy limits to settle Plaintiff's claim and the claims of Riendeau and another passenger in the Riendeau vehicle.  On April 24, 2008, Plaintiff made a demand on Defendant for settlement of the underinsured motorist claim in the amount of the policy limits.  Defendant initially denied Plaintiff's claim but subsequently arbitrated the matter and paid Plaintiff $81,000, the difference between the $19,000 Plaintiff accepted from GEICO and Defendant's $100,000 policy limit.

## III. Analysis

Defendant argues that Massachusetts law applies to this case.  Plaintiff does not address Defendant's choice of law argument, even though the Court made clear at oral argument on the first motion to dismiss that the choice of law determination was pivotal to the viability of

Plaintiff's asserted bad faith claim under Rhode Island law.

Because the Court has diversity jurisdiction of this matter the Court must apply the substantive law of Rhode Island, including its choice of law rules. Hartford Casualty Insurance Co. v. A & M Associates, Ltd., 200 F. Supp. 2d 84 (D.R.I. 2002). Rhode Island follows an interest-weighing approach to determine the law that applies in a given situation. Id. In applying the interest-weighing approach, the Court "reviews a series of factors to determine the law of the state that bears the most significant relationship to the event and the parties." Id. at 87 (internal quotation marks and citation omitted).

Defendant does not write insurance policies for Rhode Island residents. In the instant case, the insurance policy was issued in Massachusetts to a Massachusetts resident by a Massachusetts corporation. "In the case of insurance contracts, the Rhode Island Supreme Court has held that when the insured is a Massachusetts corporation doing business in Massachusetts, and the contract is executed and delivered in Massachusetts, Massachusetts law governs the interpretation of the contract." Hartford Casualty Insurance Co., 200 F. Supp. 2d at 87. It is clear that Massachusetts law governs the interpretation of this insurance contract. See id.; see also Baker v. St. Paul Travelers Insurance Co., 595 F.3d 391 (1st Cir. 2010); LaPlante v. York Insurance Co. of Maine, No. 07-62, 2008 WL 239611 (D.R.I. January 28, 2008); Baker v. Hanover Insurance Co., 568 A.2d 1023 (R.I. 1990); Baranski v. Massachusetts Bonding & Insurance Co., 60 R.I. 140, 197 A. 390 (1938).

Plaintiff's claim under R.I. Gen. Laws § 9-1-33 is viable only if the Court determines that Rhode Island law applies to this matter. As noted above, however, the Court has concluded that Massachusetts law applies to Plaintiff's claim. Thus, the proper avenue for Plaintiff's claim of

4

alleged bad faith is a claim pursuant to Massachusetts law, specifically Mass. Gen. Laws ch. 93A. Plaintiff, however, has admitted that he did not comply with the jurisdictional requirements of a ch. 93A claim and that claim was dismissed in the original complaint. Because Rhode Island choice of law principles dictate that Massachusetts law applies to this matter, Plaintiff's claim under R.I. Gen. Laws § 9-1-33 is not actionable. See generally Crellin Technologies, Inc. v. Equipmentlease Corp., 18 F.3d 1, 13 (1st Cir. 1994) ("to the extent appellant presents a potentially viable [bad faith claim], the claim is governed by the substantive law of [Massachusetts]. Because that is so, appellant's claim under [R.I. Gen. Laws § 9-1-33] is not actionable").

## IV.  Conclusion

For the reasons stated herein, Defendant's motion to dismiss is granted. The clerk is directed to enter judgment in favor of Defendant.


SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
February 6, 2013